FILED
VANESSA L. ARMSTRONG, CLERK

JUL 2 5 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA

v.

**LARRY DALE MARTIN**

INFORMATION

NO _____

18 U.S.C. § 1343

1:17CR-23 GNS

The United States Attorney Charges:

## COUNT 1
(Wire Fraud)

On or about and between December 31, 2011, and 2014, the exact dates being uncertain, in the Western District of Kentucky, Monroe County, Kentucky, and elsewhere, the defendant, **LARRY DALE MARTIN** devised a scheme to defraud and obtain money and property by means of false and fraudulent pretenses, representations and promises, and caused a writing, sign, signal, picture and sound to be transmitted by interstate wire communication for the purpose of executing the scheme, to wit:

a. At all relevant times, **MARTIN** was a Deputy with the Monroe County Sheriff's Office (MCSO).

b. At all relevant times, the MCSO participated in the Department of Defense (DoD) 1033 Program, which authorized the DoD to transfer excess DoD property to law enforcement agencies for "bona fide law enforcement purposes that assist in their arrest and apprehension mission."

c. Under the terms of its participation in the DoD 1033 Program, the MCSO could dispose of or sell, for the MCSO's benefit, most property obtained from the DoD 1033 Program, one year after it was received.

d. At all relevant times, **MARTIN** coordinated the DoD 1033 Program for the MCSO, and had the user name and password for the DoD 1033 Program website. As such, **MARTIN** was responsible for making and submitting MCSO's online DoD Program 1033 property requests.

e. On or about the dates listed below, **MARTIN** engaged in interstate wire communications to order property and arrange for pick-up of property from the DoD 1033 Program, which **MARTIN** subsequently sold or gave away for his own personal benefit or the benefit of others, without the knowledge or authority of the MCSO:

| Date of Wire Communication | Property Martin Acquired and Subsequently Sold or Gave Away |
|---|---|
| March 9, 2012 | Ice Maker |
| April 28, 2012 | 2005 Trail-Lite Dual Axle Camper |
| July 28, 2012 | Kawasaki Mule ATV |
| August 20, 2012 | Kawasaki Mule ATV |

In violation of Title 18, United States Code, Section 1343.

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:DW:lb:07172017

UNITED STATES OF AMERICA v. **LARRY DALE MARTIN**

### PENALTIES

Count 1: NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release

### NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

**SPECIAL ASSESSMENTS**

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

**FINES**

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due *immediately* unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

**RESTITUTION**

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

**APPEAL**

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

**PAYMENTS**

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.